United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| VERONICA MCKELVIN SMITH, | § § § | CIVIL ACTION NO 4:24-cv-02757 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| TEXAS CAPITAL LOANS LLC, | § § § § | |
| Defendant. | § | |

## Order Adopting
## Memorandum and Recommendation

Plaintiff Veronica Smith proceeds here *pro se*. She brought this action against Defendant Texas Capital Loans, LLC, with respect to its handling of her mortgage and related foreclosure and eviction proceedings. Her original complaint alleges wrongful foreclosure and violations of her constitutional rights, while also seeking declaratory and injunctive relief under the Fair Debt Collection Practices Act. Dkt 1.

The case was referred to Magistrate Judge Richard Bennett for pretrial management. Dkt 4. Defendant moved to dismiss the complaint for failure to state a claim. Dkt 15. Plaintiff moved to amend her complaint to add claims for violation of the Supremacy Clause, the Fourteenth Amendment, the Texas Property Code, fraud and misrepresentation, and the Truth In Lending Act, the Real Estate Settlement Procedures Act, the Uniform Commercial Code, the Texas Deceptive Trade and Practices Act, the Dodd-Frank Wall Street Reform and Consumer Protection Act, and the Gramm-Leach-Bliley Act. Dkt 18. Defendant objected to amendment, arguing in

the alternative that the amended complaint should be dismissed. Dkt 27.

Pending from Judge Bennett is a thorough and well-reasoned Memorandum and Recommendation. He recommends that (i) the first motion to dismiss be denied as moot, (ii) the amended complaint be docketed, and (iii) the motion to dismiss the amended complaint be granted. Dkt 31.

A district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections to the Memorandum and Recommendation by Judge Bennett. Dkt 32. These repeat the cursory points made in her response. See Dkt 29. And they are themselves cursory in the extreme, now asserting eleven objections in the span of four pages. See id at 2–5. This contrasts starkly with the twenty-six pages that Judge Bennett devoted to his analysis.

Certain standards from the Fifth Circuit are clear in this regard. For instance, the findings and conclusions of the magistrate judge needn't be reiterated on review. See *Keotting v Thompson*, 995 F2d 37, 40 (5th Cir 1993). Likewise, objections that are frivolous, conclusory, or general in nature needn't be considered. See *Battle v United States Parole Commission*, 834 F2d 419, 421 (5th Cir 1987); *United States v Ervin*, 2015 WL 13375626, at *2 (WD Tex), quoting *Arbor Hill Concerned Citizens Neighborhood Association v County of Albany*, 281 FSupp2d 436, 439 (NDNY 2003). And *de novo* review isn't invoked by simply again urging arguments contained in the underlying motion. *Edmond v Collins*, 8 F3d 290, 293

n7 (5th Cir 1993); see also *Smith v Collins,* 964 F2d 483, 485 (5th Cir 1992) (finding no error in failure to consider objections because plaintiff merely reargued legal arguments raised in his original petition); *Williams v Woodhull Medical & Mental Health Center,* 891 F Supp 2d 301, 310–11 (EDNY 2012) (*de novo* review not warranted for conclusory or general objections or which merely reiterate original arguments).

Reasonable depth and explanation were needed to properly present any one of these issues if *de novo* review was intended. But in line with the above authority, where the objecting party makes only conclusory or general objections, or simply reiterates original arguments, review of the Memorandum and Recommendation may permissibly proceed for clear error only. That's the situation here. And no clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

Even though that's all of the review that's required, the Court has nevertheless also examined the objections *de novo* and finds that they lack merit for the reasons stated by the Magistrate Judge.

It's noted in this regard that the Magistrate Judge allowed for the potential amendment as to the claims for wrongful foreclosure, fraud and misrepresentation, and violations of the Fourteenth Amendment, the Real Estate Settlement Procedures Act, the Texas Deceptive Trade and Practices Act, and the Dodd-Frank Wall Street Reform and Consumer Protection Act. Dkt 31 at 25 n 10. But this pertained only if "Plaintiff shows in objections to this recommendation that she could cure the defect in the Amended Complaint through amendment." Id at 25. She didn't attempt to do so. See Dkt 32. As noted above, her cursory objections contain no specification of factual detail or legal argument to potentially save these claims.

The objections by Plaintiff are OVERRULED. Dkt 32.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Recommendation of this Court. Dkt 31.

The motion by Plaintiff Veronica Smith to amend has already been docketed as an amended complaint upon order of the Magistrate Judge. Dkt 18; see Dkt 31 at 25.

The motion by Defendant Texas Capital Loans, LLC, to dismiss is GRANTED. Dkt 27.

Its earlier motion to dismiss is DENIED AS MOOT. Dkt 15.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on June 30, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge